FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 5 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

CHRISTOPHER GORDON,

                Plaintiff,

-against-

THE CITY OF NEW YORK POLICE
DEPARTMENT 84TH PRECINCT; POLICE
OFFICER CARLOS PERALTA SHIELD
# 50640; U.S. DEPARTMENT OF
HOMELAND SECURITY; IMMIGRATION
AND CUSTOMS ENFORCEMENT; AGENT
BOYCE T; AGENT SANTIAGO E.,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
10 CV 3706 (CBA)

AMON, United States District Judge:

      Plaintiff, currently incarcerated at Watertown Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court dismisses plaintiff's claims related to the failure to inform him of his right to have consular officials notified of his detention pursuant to Article 36(1)(b) of the Vienna Convention.

## Background

      Plaintiff's complaint alleges that as a citizen of Trinidad and Tobago he was denied his right under Article 36 of the Vienna Convention to seek consular assistance when he was arrested. On November 2, 2007, plaintiff was arrested in Brooklyn and following a jury trial he was convicted and sentenced to an indeterminate term of imprisonment of two to six years. See Complaint at ¶ 8. Plaintiff alleges that on November 2, 2007, the date of his arrest, as well as September 27, 2008 and December 4, 2009, dates prior to his deportation hearings, officials from the United States Department of Homeland Security failed to advise plaintiff of his right to

consular notification. Plaintiff also alleges that at the time of his arrest he requested to speak with a consular official but defendant Peralta denied him permission. Complaint at ¶ 6 (2). Plaintiff seeks three million dollars in compensatory and punitive damages.

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

Section 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, *inter alia,* it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Article 36(1)(b) of the Vienna Convention "provides that the authorities of a 'receiving state'--here, the United States--shall, without delay, inform any detained national of his right to have the 'consular post' of a 'sending state'--here, [Trinidad and Tobago]-- notified of his detention." United States v. Bustos De La Playa, 268 F.3d 157, 163 (2d Cir. 2001) (citing Vienna

2

Convention, art. 36(1)(b) 21 U.S.T. 77, 596 U.N.T.S. 261 (the "consular-notification provision")); Francis v. U.S., No. 02 CV 468, 2010 WL 1260158, at *11 (E.D.N.Y. Mar. 11, 2010).

In both Medellin v. Texas, 552 U.S. 491, 506 n.4 (2008) and Sanchez-Llamas v. Oregon, 548 U.S. 331 (2006), the Supreme Court assumed without deciding that Article 36 creates judicially enforceable individual rights. However, in Mora v. New York, 524 F.3d 183 (2d Cir. 2008), the Second Circuit held that the Vienna Convention's requirement to inform a detained alien of the prospect of consular notification and access cannot be vindicated in a civil rights action for damages either directly under the Convention or pursuant to § 1983. Id. at 188, 200 ("Article 36's obligation to inform detained aliens of the prospect of consular notification and access cannot, when violated, be vindicated by a private action for damages filed in our courts."). Accordingly, plaintiff may not maintain a suit under 42 U.S.C. § 1983 for monetary damages based on defendants' alleged failure to inform him of the availability of consular notification and the Court dismisses such claims pursuant to 28 U.S.C. § 1915A(b).

## Conclusion

For the reasons stated, plaintiff's claims arising from the defendants' alleged failure to inform him of his right to have consular officials notified of his detention are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court does not decide at this time, however, whether plaintiff's allegations related to the failure to notify consular officials of his detention upon request state a claim upon which relief may be granted. See Mora, 524 F.3d at 187 n.4. As the Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the United States Marshals Service is directed to serve

the summons and complaint upon the defendant without prepayment of fees.

SO ORDERED.

/S/
_____
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
November 15, 2010